COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-253-CR

 

 

CHRISTOPHER SCHROEDER                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction








Christopher Schroeder pleaded guilty to two
offenses, assault and aggravated assault, and was sentenced by the jury to
concurrent nine-year sentences and a $1,000 fine for each of the two
counts.  In two points, Schroeder asserts
that he received ineffective assistance of counsel.  We affirm.

                              II.  Factual and Procedural History

On November 29, 2007, Schroeder was indicted in
Denton County on two felony counts, second degree assault and first degree
aggravated assault, against his wife, Brandy Schroeder.  On June 23, 2008, Schroeder pleaded guilty to
both felony counts, filed an application for probation, and requested a jury to
assess punishment.  During the punishment
phase, the jury heard details of the two charged offenses from the arresting
officer, the back-up officer, Brandy, and Schroeder.  It also heard about several prior
convictions, as well as several unadjudicated assaultive crimes and bad acts
against Brandy that were not reported to the police.

Under the appropriate sections of the penal code,
the jury was allowed to sentence Schroeder to ten years for the assault
conviction and twenty years for the aggravated assault conviction.  See Tex. Penal Code Ann. '' 12.33B.34
(Vernon 2003), '' 22.01, 22.02 (Vernon Supp.
2008).  The jury set punishment at nine years for each count and assessed
a $2,000 fine.

Following sentencing and an unheard amended
motion for new trial, Schroeder filed his notice of this appeal.








                           III.  Ineffective Assistance of Counsel

In two points, Schroeder argues that he was
denied effective assistance of counsel because his trial counsel (1) failed to
properly object to evidence of past convictions in accordance with article
37.07(3)(i) of the Texas Code of Criminal Procedure and (2) failed to properly
object to highly prejudicial evidence of Schroeder=s
extraneous misconduct in accordance with rule 403 of the Texas Rules of
Evidence.

A.  Standard of Review

To establish ineffective assistance of counsel,
an appellant must show by a preponderance of the evidence that counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial with a reliable
result.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.  In other words,
an appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id., 104 S. Ct. at 2068.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S.
Ct. at 2070.

B.  The First Prong of Strickland








We first note that if counsel=s
reasons for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been grounded in legitimate trial
strategy, we will defer to counsel=s
decisions and deny relief on an ineffective assistance claim on direct
appeal.  Garza v. State, 213
S.W.3d 338, 348 (Tex. Crim. App. 2007). 
Although counsel=s reasons for his actions or
intentions with regard to the complained-of stipulations and unadjudicated bad
acts do not appear in the record, it is apparent from the record that at least
one of counsel=s trial strategies was to get
Schroeder probation by showing that Schroeder had accepted responsibility for
and was sorry for his past misconduct.[2]  Therefore, on the record presented here, we
cannot say that Schroeder received ineffective assistance.  See Salinas, 163 S.W.3d at 740; Thompson,
9 S.W.3d at 813.

C.  The Second Prong of Strickland

1.  Article
37.07(3)(i) of the Texas Code of Criminal Procedure

In his first point, Schroeder complains that his
trial counsel stipulated to the admission of State=s
Exhibits 15, 16, and 17, which were evidence of two convictions for driving
while license suspended and one conviction for evading arrest, that he asserts
are inadmissible under article 37.07(3)(i) of the code of criminal procedure
because they were time-barred.[3]








The State initially argues that, although not
apparent on its face, this article only applies to juvenile convictions when
considered in light of its legislative history. 
We need not address this argument to dispose of this issue.  During cross-examination, Schroeder admitted
that State=s Exhibits 15 and 16 were his
convictions and sentences for driving while his license was suspended and that
State=s
Exhibit 17 was his conviction and sentence for evading arrest.  He also admitted to an assault charge against
him as to Cheryl Bradshaw (his stepmother), Exhibit 18; a conviction for
disorderly conduct, Exhibit 19; a conviction for evading arrest, Exhibit 20; a
charge of driving while license suspended, Exhibit 21; guilt for possession of
marijuana, Exhibit 22; guilt for family violence, Exhibit 23[4]
(Schroeder pushed Brandy down and kicked her in the neck with his steel-toe
boots); probation completion for two driving while license suspended offenses,
Exhibits 24 and 25; and a conviction for family violence, Exhibit 26 (Schroeder
punched, choked, and pushed Brandy so hard that she had to go to the
hospital).  Therefore, Schroeder admitted
to his conduct contained in Exhibits 15, 16, and 17 about which he now
complains and to a series of other guilty pleas, convictions, and sentences.








Schroeder=s
complaint centers on two convictions for driving with a suspended license and a
conviction for evading arrest.  The same
type of charges were contained in exhibits that are not the subject of this
appeal, as were more serious charges, such as assault and family violence.  Therefore, we cannot say that there is a
reasonable probability that but for these exhibits, even if it was professional
error to stipulate to their admission, which we do not decide, a different
outcome would have resulted.  We hold
that the second prong of Strickland is not met, that is, if the
stipulation to the admission of the Exhibits was error, it was not so serious
as to deprive the defendant of a fair trial.

2.  Rule
403 of the Texas Rules of Evidence

In his second point, Schroeder asserts that his
counsel was ineffective for not objecting to four specific unadjudicated bad
acts from 1998 under rule 403 of the Texas Rules of Evidence.[5]  Those acts were that Schroeder (a) would Aget
physical@ with
his fists with Brandy on a weekly basis while she was pregnant; (b) would drag
Brandy on the ground while she was eight months pregnant; (c) locked Brandy out
of their house keeping her away from her newborn as a result of a fight; and
(d) choked Brandy so hard while she held their newborn baby that she passed out
and dropped the baby to the floor.








We would first note that the four incidents above
are only a portion of the unadjudicated bad acts testified to at trial.  Others included Schroeder choking Brandy
while she was on the floor and tearing the skin on her hand while she tried to
defend herself; punching and hitting Brandy in the head and slapping her down
to the floor to the extent she went to the hospital with three broken ribs;
trying to push her and her car into the house with his Surburban to keep her
from leaving; punching Brandy in the head Aalot@ because
he liked to; pushing Brandy into the wall hard enough to dent the wall; waving
a Abig
knife@ around
and cutting the purse straps off Brandy=s arm
with her daughter standing Aright
there@;
hitting Brandy with a Abig heavy drill,@ which
caused the drill bit to go into her arm and caused profuse bleeding and a scar;
and being mean to Brandy=s children.

As in our analysis above, we will concentrate on
the second prong of Strickland, that is, the Afocus of
our inquiry must be on the fundamental fairness of the proceeding in which the
result is being challenged.@  Strickland, 466 U.S. at 697, 104 S.
Ct. at 2070.  Schroeder pleaded guilty to
assault and aggravated assault.  Several
exhibits were introduced concerning previous charges and convictions.  Numerous other unadjudicated bad acts were
introduced into evidence through testimony. 
Under these circumstances, we hold once again that even if the failure
to object to these four unadjudicated bad acts was error, which we do not
decide, the error was not so serious as to deprive the defendant of a fair
trial.  Schroeder=s second
point is overruled.








                                          IV.  Conclusion

Having held that both prongs of the Strickland
test are not met by either of Schroeder=s two
points, we overrule his points and affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL: MCCOY, J.; CAYCE,
C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]In response to his
counsel=s question about whether
he wanted to tell his version of what happened the night of the assault and
aggravated assault charged here, Schroeder replied, AI would rather just
accept responsibility for the charges at hand. 
I know that I did wrong, and I know I=ve done a lot of wrong things.@





[3]Section 3(i) states that A[e]vidence of an
adjudication for conduct that is a violation of a penal law of the grade of
misdemeanor punishable by confinement in jail is admissible only if the conduct
upon which the adjudication is based occurred on or after January 1, 1996.@  See Tex. Code Crim. Proc. Ann. art.
37.07(3)(i) (Vernon Supp. 2008).





[4]Schroeder testified that
he pleaded guilty but that he really was not.





[5]AAlthough relevant,
evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence.@  Tex. R.
Evid. 403 (emphasis supplied).